IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50531
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ISMAEL VEGA-ALVARADO,
also known as Jose Luis Medina-Perez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-2208-ALL-DB
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Ismael Vega-Alvarado pleaded guilty to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326.  He appeals the district court's interpretation of U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing.  Vega-Alvarado argues for the first time on appeal that his prior felony conviction for possession of a controlled substance did not merit the eight-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(C) for an aggravated felony.  He argues that he should have

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received only the four-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(D) for "any other felony." Vega-Alvarado's arguments regarding the definitions of "drug trafficking offense" and "aggravated felony" are foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002). The district court did not err in assessing an eight-level adjustment, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), to Vega-Alvarado's sentencing guideline calculation.

Vega-Alvarado also argues for the first time on appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. Vega-Alvarado concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

AFFIRMED.